**Munir MUNAWAR, Appellant,**

v.

**The CADLE COMPANY, Appellee.**

**No. 13–97–302–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 8, 1999.

Rehearing Overruled June 24, 1999.

John A. George, Fly & Moeller, Victoria, for appellant.

Cynthia T, Sheppard, Houston, Marek & Griffin, Victoria, for appellee.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

YANEZ, J.

This case arises out of a real estate transaction. Munir Munawar, appellant, sued The Cadle Company ("Cadle"), appellee, for Deceptive Trade Practices Act ("DTPA")[1] violations and, in the alternative, for breach of contract. We are asked to determine whether the trial court properly granted summary judgment in favor of Cadle. We reverse.

In a written earnest money contract, Munawar agreed to purchase from Cadle certain real property in Victoria County. According to Munawar, the earnest money contract represents that all improvements, fixtures, and personal property situated on the real property are to be conveyed. The contract states that Munawar's purpose in purchasing the property is to operate the convenience store located on the property, including the sale of gasoline products. As agreed, Cadle transferred the real proper-

---

1. TEX.BUS. & COMM.CODE ANN. §§ 17.41–17.854    (Vernon Supp.1999).

ty to Munawar by special warranty deed. Munawar later learned that a third party, C.L. Thomas Petroleum, Inc. ("Thomas"), owned the gasoline pumps and related equipment located on the real property. A sales agreement executed by one of Cadle's predecessors in title and recorded in the county deed records evidences Thomas's ownership of the equipment. Munawar ultimately purchased the equipment in question from Thomas for the sum of $18,543.00.

Munawar sued Cadle alleging that its representations, both written and verbal, and its failure to disclose the third-party ownership of the equipment constitute misrepresentation, breach of warranty, and unconscionable acts under the DTPA, or alternatively, a breach of contract. Cadle moved for summary judgment and filed an amended answer with a counterclaim for attorney's fees. After a hearing, the trial court granted Cadle's motion for summary judgment as to all causes of action without specifying the basis for summary judgment.

▄▄▄ Our initial inquiry is whether we have jurisdiction of the appeal because the final order granting summary judgment does not dispose of appellee's counterclaim for attorney's fees. If a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated. *Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex.1990). A summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance. *Bandera Elec. Coop., Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (Tex.1997). However, if the order includes Mother Hubbard language, which provides that all relief not granted is expressly denied, or its equivalent, the judgment should be treated as final for appellate purposes. *Id.; Mafrige v. Ross,* 866 S.W.2d 590, 590 (Tex.1993). The equivalent of a Mother Hubbard clause is a statement that summary judgment is granted as to all claims

asserted by the plaintiff, or that the plaintiff takes nothing against the defendant. *Mafrige,* 866 S.W.2d at 590 n. 1. In determining the finality of a default judgment, the supreme court has instructed us to consider the language of the judgment, *the record as a whole,* and relevant conduct of the parties to determine whether the trial court *intended* to dispose of all parties and issues. *Continental Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 276–77 (Tex.1996) (Emphasis added).

The order granting summary judgment in this case provides that "summary judgment be entered against the Plaintiff, and that he take nothing on any of his claims in this cause." After the trial court granted summary judgment, Munawar filed a motion for new trial which the court denied by written order stating, "IT IS FURTHER ORDERED that all other relief requested by *either party* in this suit be and the same is hereby DENIED." (Emphasis added.)

After considering the record as a whole, and in particular the language in the order denying Munawar's motion for new trial, it is clear that the trial court intended the summary judgment to be the final disposition of all issues in this case. We hold that the order granting summary judgment is a final, appealable order and, therefore, we have jurisdiction of this appeal. We now address whether summary judgment was proper.

Summary judgment may be rendered only if the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). A defendant may meet this burden by either: (1) disproving at least one essential element of each theory of recovery, or (2) conclusively proving all elements of an affirmative defense. *Alvarado v. Old Republic Ins. Co.,* 951 S.W.2d 254, 258 (Tex.App.—Corpus Christi 1997, no writ).

■ In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in his favor. *Id.* A summary judgment must stand or fall on the grounds expressly presented in the motion. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339–41 (Tex.1993).

Cadle claims it was entitled to summary judgment based on four grounds:

1. Munawar could not prevail on any theory because title was transferred by special warranty deed.

2. Munawar could not prevail on his DTPA misrepresentation claim because the representation sued on is contained in a written contract, precluding an action under the DTPA.

3. Munawar could not prevail on any theory because he was on constructive notice of a third party's claim to the equipment by virtue of a sales agreement recorded in the county deed records.

4. Munawar could not prevail based on any oral representation because any claim would violate the statute of frauds.

■ Munawar's response counters each of these grounds, asserts that the merger doctrine does not apply to DTPA claims, and contends that numerous material fact issues exist. While Munawar's pleadings do not constitute summary judgment proof, the motion for summary judgment and supporting evidence must be analyzed in light of the pleadings to ensure that the motion defeats every cause of action in the petition. *Yancy v. City of Tyler,* 836 S.W.2d 337, 341 (Tex.App.—Tyler 1992, writ denied). In his petition, Munawar asserts two theories of recovery: (1) Cadle represented that the equipment would be transferred with the property; and (2) Cadle knew of and failed to disclose the third-party ownership of the equipment.

■ We now turn to Cadle's first ground for summary judgment where it argues that Munawar cannot prevail on any theory because title was transferred by special warranty deed. A general warranty deed expressly binds the grantor to defend against title defects created by himself and all prior titleholders. William V. Dorsaneo III et al., Texas Litigation Guide, § 254.02 (1994). A special warranty deed, by contrast, limits this warranty; the grantor warrants to defend title only against the claims and demands of the grantor and all persons claiming by, through, and under him. *Id.* The fact that property is transferred via special warranty deed does not impart notice of a defect in title. *Paul v. Houston Oil Co.,* 211 S.W.2d 345, 356 (Tex.Civ.App.—Waco 1948, writ ref'd n.r.e.).

Because it did not warrant or represent ownership or title to the gas pumps and other equipment, Cadle argues there can be no liability under the DTPA or breach of contract. Cadle's position is that because it did not create the title defect, Munawar cannot prevail on any theory as a matter of law. According to Cadle, it contracted to convey the real property by special warranty deed and fulfilled its promise. The only summary judgment evidence submitted by Cadle is: (1) an affidavit from Cadle's custodian of records; (2) a copy of the special warranty deed dated September 25, 1992, from The Cadle Company to Munir Munawar; and (3) a copy of an "Exclusive Sales Agreement" executed by C.L. Thomas Petroleum, Inc. and Robert Quitta and Gladys Steshko d/b/a Woodland Square Properties on May 5, 1989, which appears to have been recorded in the deed records of Victoria County.

■ After delivery and acceptance, deeds are generally regarded as the final expression of the agreement of the parties and the sole repository of the terms on which they have agreed. *Smith v. Harrison County,* 824 S.W.2d 788, 793 (Tex.

App.—Texarkana 1992, no writ). Commonly referred to as the merger doctrine, this principle of law is not without exception. *Harris v. Rowe,* 593 S.W.2d 303, 306–07 (Tex.1980) (deed which constitutes partial performance of preceding contract does not merge with distinct and unperformed contractual provisions). One exception to the binding effect of the terms of the deed is when fraud has been committed. *Smith,* 824 S.W.2d at 793.

■ For the special warranty deed to have barred Munawar's causes of action, the trial court would have had to apply the merger doctrine. Applying the doctrine of merger in this case is problematic for several reasons. First, Cadle never raised the merger doctrine in its summary judgment motion. A motion for summary judgment must state the specific grounds on which it is based. Tex.R.Civ.P. 166a(c). Even if the circumstances of the case, as a matter of basic logic, seem to entitle the movant to summary judgment, if the motion does not raise that logical basis, the movant is not entitled to summary judgment. *See Dhillon v. General Accident Ins. Co.,* 789 S.W.2d 293, 293–95 (Tex. App.—Houston [14th Dist.] 1990, no writ).

■ Second, the doctrine of merger does not operate to bar claims of fraud, accident, or mistake in transactions leading up to the deed. *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504, 512 (Tex.App.—Dallas 1989, writ denied). To adopt the position that written real estate contracts are never actionable upon delivery of a deed, would foreclose every cause

of action for deceptive trade practices or fraud in the sale of real estate, unless the misrepresentation appeared in the deed itself. *Id.* A DTPA action, by its very nature, is similar to a fraud action. The supreme court has held that the doctrine of merger may not be applied to defeat a cause of action under the DTPA for the breach of an express warranty made in an earnest money contract and breached by a warranty deed. *Alvarado v. Bolton,* 749 S.W.2d 47, 48 (Tex.1988). To support its holding in *Alvarado,* the supreme court recognized that a primary purpose of the DTPA is to provide consumers a cause of action for deceptive trade practices without the numerous defenses encountered in a common law fraud or breach of warranty suit. *Id.*

Finally, Paragraph 8(B) of the contract states that *upon delivery of a title policy,* all duties of the seller are fulfilled and the only warranties which remain are the warranties in the deed.[2] Cadle presented no proof that it delivered a title policy to Munawar, and therefore, failed to establish any other basis for disregarding the warranties and representations in the contract.

■ Munawar's cause of action for breach of warranty is based on the express warranty[3] in the earnest money contract that Cadle would convey "good and marketable title." The alleged representations in the contract that Cadle would convey the improvements, fixtures, and personal property situated on the real estate form the basis of Munawar's causes of action for

**2.** The relevant contractual provision provides: "*Delivery of the Title Policy pursuant to Section 10 below shall be deemed to fulfill all duties of Seller as to the sufficiency of title hereunder;* provided however, seller shall not thereby be released from the warranties of Seller's Deed." (Emphasis added).

**3.** Munawar argues for the first time on appeal that the deed in question carried with it other implied warranties and that he is also entitled to the remedy of equitable recission. Because these implied warranties and equitable basis for relief were neither pled nor argued before

the trial court, they are not relevant to our review of the summary judgment. *See Swedlund v. Banner,* 970 S.W.2d 107, 110 (Tex. App.—Corpus Christi 1998, writ denied) (in reviewing a summary judgment, appellate court reviews evidence before trial court when it made its ruling). Issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly raised in the written response to the motion for summary judgment. *McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex. 1993).

breach of contract and, at least in part, his DTPA misrepresentation claim. Summary judgment was improper as to these causes of action because the trial court could not have found under the summary judgment grounds and evidence presented that the warranty and representations in the contract had merged into the deed. Even if the merger doctrine had been presented to the trial court, merger may not be used to defeat Munawar's DTPA claim for breach of express warranties, *Alvarado*, 749 S.W.2d at 48, and, therefore, summary judgment could not have been proper as to this cause of action. Cadle also failed to show how the use of a special warranty deed applies to Munawar's cause of action for unconscionable acts under the DTPA.

In the absence of merger, the use of a special warranty deed does not extinguish the warranty and alleged representations in the contract and does not establish Cadle's entitlement to judgment as a matter of law. Nothing in this opinion blurs the distinction between a special warranty deed and a general warranty deed. Instead, our reasoning is based on the limited summary judgment grounds and evidence presented by Cadle and the case law on DTPA breach of warranty claims. We conclude that Munawar's claims are not barred by Cadle's first summary judgment ground.

■■■ Cadle's second ground for summary judgment is that Munawar alleged a mere breach of contract claim, not a DTPA misrepresentation. Notably, Cadle never asserted in its motion for summary judgment that Munawar's other DTPA claims for breach of warranty or unconscionable acts involve only contractual notions.

■■■ A mere breach of contract is not actionable under the DTPA. *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996). The determination of whether a breach of contract rises to the level of a misrepresentation sufficient to trigger the DTPA is a fact-driven inquiry. *Chilton Ins. v. Pate & Pate Enter., Inc.*, 930

S.W.2d 877, 890 (Tex.App.—San Antonio 1996, writ denied). Whether the facts, once ascertained, constitute a DTPA misrepresentation is a question of law. *Id.*

In *Crawford*, the Texas Supreme Court held that failure to publish a yellow page advertisement constituted only a breach of contract claim, and not a cause of action for DTPA misrepresentation. *Crawford*, 917 S.W.2d at 15. The supreme court reasoned that a salesman's statement that the plaintiff could expect his business to grow by 70% to 80% amounted to no more than representations that the defendants would fulfill their contractual duty to publish. *Id.* at 14–15. Contract law, not the DTPA governed, because the salesman's statements did not cause the harm; rather the company's nonperformance—its failure to run the ad—actually caused the lost profits. *Id.*

In defending the summary judgment, Cadle relies on *Quitta v. Fossati*, 808 S.W.2d 636, 644 (Tex.App.—Corpus Christi 1991, writ denied), where this Court held that the defendant's counterclaim for DTPA misrepresentation involved only traditional contract notions. In *Quitta*, landlords filed suit to enforce a written lease. The tenants counterclaimed under the DTPA, alleging a failure to abide by an oral modification to the lease. According to the tenants, a verbal agreement modified the written lease, allowing them to reduce their monthly rent by an amount equal to the cost of materials used to make improvements. A jury found in favor of the tenants and the trial court entered judgment on the DTPA counterclaim. This Court reversed the judgment because there was no evidence of a false, misleading, or unconscionable act or victimization. In distinguishing between a mere breach of contract claim and a DTPA violation, we reasoned that the distinction

> properly lies when an alternative interpretation of the contract is asserted, and the dispute arises out of the performance of the contract. In such a case the D.T.P.A. is not violated, and the

legal rights of the parties are governed by traditional contract principles. *Quitta,* 808 S.W.2d at 644. We also recognized that independently actionable conduct under the DTPA would fall outside of the *Quitta* holding. *Id.* n. 4.

A DTPA misrepresentation claim often requires an affirmative representation, but a failure to disclose information may also constitute a misrepresentation under the DTPA. *See* TEX.BUS. & COMM. CODE § 17.46(b)(23) (failure to disclose information with intent to induce customer into a transaction is unlawful deceptive trade practice); *see also Weitzel v. Barnes,* 691 S.W.2d 598, 601 (Tex.1985) ("[I]t is conceivable that in certain situations silence could amount to a misrepresentation."). While the law provides that mere contract claims should not be elevated to DTPA causes of action, the law also provides that the DTPA shall be liberally construed to protect consumers from deceptive business practices. *Weitzel,* 691 S.W.2d at 600; TEX.BUS. & COMM.CODE ANN. § 17.44 (Vernon Supp.1999).

The instant case is distinguishable from *Crawford* and *Quitta* because Munawar alleges conduct which amounts to more than mere non-performance of the contract. Munawar claims that Cadle knew of and failed to disclose the third-party ownership of the equipment. For this reason, and because material fact issues remain as to Cadle's knowledge of the third-party ownership of the equipment, we conclude Munawar's cause of action for DTPA misrepresentation[4] involves more than mere contract principles.

A summary judgment for the defendant disposing of an entire case is proper only if, as a matter of law, the plaintiff could not succeed on any of the theories pled. *Butcher v. Scott,* 906 S.W.2d 14, 15 (Tex.

1995); *Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex. 1976). Cadle did not establish that Munawar could not succeed under any DTPA misrepresentation theory pled, and therefore, summary judgment was improper as to this cause of action.

Cadle's third ground for summary judgment is that Munawar had constructive notice of the third-party claim to the equipment. Cadle argues in its brief that Munawar cannot recover under any theory that is based on lack of notice of Thomas's claim.

As part of its summary judgment proof, Cadle presented a document entitled "exclusive sales agreement" which was recorded in the county deed records. The agreement between Woodland Square Properties ("Woodland") and Thomas provides that Woodland shall purchase petroleum products exclusively from Thomas, that Thomas shall install its equipment on the property, and that the equipment "shall remain the exclusive property of Thomas Petroleum" and it "shall not be considered attached to the real property." According to Cadle, this recorded agreement placed Munawar on notice that the equipment was not part of the conveyance in question.

A purchaser of real estate has constructive notice of all information in his grantor's chain of title, and he is bound by every recital, reference, and reservation contained in or fairly disclosed by any instrument which forms an essential link in that chain. *Westland Oil Dev. Corp. v. Gulf Oil,* 637 S.W.2d 903, 908 (Tex.1982). A grantee is charged with constructive notice of all the instruments in his chain of title and all instruments to which his chain of title refers. *Hicks v. Loveless,* 714

---

4. Specifically, Munawar alleges that Cadle violated TEX.BUS. & COMM.CODE ANN. § 17.46(b)(23) (Vernon 1999) which provides that the "failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed" is a false, misleading or deceptive act or practice.

S.W.2d 30, 34 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

While we only have two recorded instruments before us in this case, we suspect that the "exclusive sales agreement" between Woodland, a prior titleholder, and Thomas, a third-party that did not hold title to the land, for the sale of gasoline products and installation of related equipment, does not form an essential link in Munawar's chain of title. Chain of title refers to the documents which show the successive ownership history of the land. The chain of title is "the successive conveyances, commencing with the patent from the government, *each being a perfect conveyance of the title* down to and including the conveyance to the present holder." *Reserve Petroleum Co. v. Hutcheson,* 254 S.W.2d 802, 806 (Tex.Civ.App.—Amarillo 1952, writ ref'd n.r.e.) (Emphasis added). Moreover, none of the summary judgment proof shows that any conveyance in Munawar's chain of title would have referred Munawar to the "exclusive sales agreement" between Woodland and Thomas, thereby creating a duty on Munawar's part to inspect the agreement and discover Thomas's ownership of the equipment. Thus, Cadle did not establish, as a matter of law, that Munawar had constructive notice of Thomas's ownership of the equipment.

Even if Munawar had constructive notice of Thomas's agreement, this notice would not defeat Munawar's DTPA claims. In *Ojeda de Toca v. Wise,* 748 S.W.2d 449 (Tex.1988), the Supreme Court squarely addressed the question of whether imputed notice under the real property statutes operates as a defense to a buyer's action for damages arising out of deceptive trade practices. The Supreme Court held that recording of a demolition order did not operate as a bar to the plaintiff's fraud and DTPA claims against the city. *Id.* at 450. ("We ascertain no intent on the part of the legislature to bar DTPA or fraud actions because an examination of county records would have disclosed the seller's decep-

tion."). Following the holding in *Ojeda,* the Dallas Court of Appeals held that summary judgment was improper in a suit for DTPA violations, negligent misrepresentation, and breach of fiduciary duty, where the seller failed to disclose a height restriction recorded in the deed records. *Baldwin,* 765 S.W.2d at 509 (constructive notice is no defense against claims that seller concealed knowledge of height restriction from buyer). Thus, constructive notice does not operate as a bar to Munawar's causes of action.

In its fourth ground in support of summary judgment, Cadle contends that Munawar's claims based on any oral representation to sell the real property are precluded by the statute of frauds. The statute of frauds provides that an agreement for the sale of real property is unenforceable unless the promise or agreement is in writing and signed by the party to be charged with the promise or agreement. *See* TEX.BUS. & COM.CODE ANN. § 26.01(a), (b)(4) (Vernon 1987). In this case, there is a written contract for the sale of real estate. In his summary judgment response, Munawar admits that he is not relying on oral representations, but rather on written representations in the contract and the deed to form the basis of his claims. Under these circumstances, the statute of frauds does not foreclose Munawar's claims.

Even if Munawar was relying on oral representations incident to the written contract, a DTPA cause of action would not be barred. In another case involving the sale of real estate, the supreme court held that the parol evidence rule, which generally prevents enforcement of inconsistent prior or contemporaneous verbal agreements when there is a valid integrated agreement, did not prevent the admission of oral representations which served as the basis for a DTPA action. *Weitzel,* 691 S.W.2d at 600 (oral representations made before and after signing contract not

only admissible, but may constitute DTPA action).

The summary judgment grounds presented in this case fail to disprove at least one essential element of each theory of recovery or conclusively prove all the elements of an affirmative defense. Because Cadle did not establish as a matter of law that Munawar could not prevail on his DTPA claims for breach of warranty, misrepresentation, and unconscionable acts, or his alternative breach of contract claim, we hold that the summary judgment was improper. The judgment of the trial court is REVERSED and this cause is REMANDED for proceedings consistent with this opinion.