NUMBER 13-99-230-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MICHAEL NOWROOZI
, Appellant,


v.



SCOTT STROZIER, SAM STIEFEL, 

NANCY WALKER, AND TOM BURSLEM
, Appellees.

___________________________________________________________________


On appeal from the 129th District Court


of Harris County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden



 This is an appeal from a take-nothing summary judgment rendered against
plaintiff below, Michael Nowroozi. We affirm.


Procedural Background


 Appellant Michael Nowroozi brought three separate suits against his
homeowners's association, its management company, and individual members of the
board of directors of the homeowner's association for various claims relating to the
management of Nowroozi's subdivision. Nowroozi's allegations against Pines of
Woodedge Community Improvement Association, Inc., SCS Management Services,
Inc., Scott Strozier, Sam Stiefel, Nancy Walker, and Tom Burslem included 
conspiracy, breach of fiduciary duty, failure to perform as officers and directors, and
failure to enforce restrictive covenants. 

 All three cases were consolidated on October 26, 1998. Nowroozi filed a
second (actually third) amended petition in the consolidated action on January 6,
1999. While all parties were included in the style of the amended petition, the only
defendants referenced in the body of the petition were individuals Strozier, Stiefel,
Walker, and Burslem. This amended petition failed to include any causes of action
against either Pines of Woodedge Community Improvement Association, Inc., or SCS
Management Services.

 On October 26, 1998, the trial court granted a motion for summary judgment
filed by SCS Management Services on all causes of action against it, and subsequently
severed the summary judgment from the instant proceeding.

 On January 29, 1999, the trial court granted a motion for summary judgment
filed by Strozier, Walker, and Burslem regarding liability in their individual capacities.

 On February 2, 1999, the trial court entered a "Judgment as to Certain Claims"
memorializing a settlement reached between Nowroozi and Stiefel. 

 On February 17, 1999, the trial court granted a no-evidence motion for
summary judgment filed by Stiefel, Strozier, Walker and Burslem "as members and
directors" of the Pines of Woodedge Improvement Association, Inc. The instant appeal
arises from this summary judgment.

Jurisdiction


 Appellees contend that this Court lacks jurisdiction over this appeal either
because the notice of appeal was not timely, or alternatively, because the summary
judgment was interlocutory.

 Appellees first argue that the timetable for perfecting an appeal was triggered
by the trial court's judgment of February 2, 1999, which included a "Mother Hubbard"
provision. Appellees thus contend that it was a final judgment as to all claims and all
parties. If this were so, the deadline for perfecting the appeal expired thirty days after
the judgment was signed, or March 4, 1999. See Tex. R. App. P. 26.1. Appellant
failed to appeal the February 2, 1999, judgment, and instead filed a notice of appeal
regarding the February 17, 1999, judgment on March 17, 1999. 

 In order to be a final, appealable summary judgment, the order granting the
motion must dispose of all parties and all issues before the court. Mafrige v. Ross,
866 S.W.2d 590, 591 (Tex. 1993). The Texas Supreme Court has held that if a
summary judgment appears to be final, as evidenced by the inclusion of language
purporting to dispose of all claims or parties, the judgment should be treated as final
for the purposes of appeal. Id. at 592. If a summary judgment is final and appealable,
to avoid waiver, the parties are required either to ask the trial court to correct the first
summary judgment while the court retained plenary power, or to perfect a timely
appeal. Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex. 1997). Thus, if the
February 2, 1999, judgment is final, appellant will have failed to timely perfect appeal.

 As noted by appellees, the February 2, 1999, judgment contains a "Mother
Hubbard" clause: "All other relief not expressly granted in this judgment is denied." 
 However, the judgment itself is titled "Judgment as to Certain Claims." The judgment
recites that "a settlement has been reached between [Nowroozi and Stiefel] only." 
The judgment further states that Nowroozi's "other" claims and the counterclaims of
the remaining defendants are not affected by the resolution of the claims therein.

 Appellees contend that the inclusion of the "Mother Hubbard" clause
automatically renders the February 2, 1999, judgment final and appealable. See
Lehmann v. Har--Con Corp., 988 S.W.2d 415, 417 (Tex.App.--Houston [14th Dist.]
1999, no pet. h.)("Mother Hubbard" language renders every summary judgment order
final and appealable); Kaigler v. General Elec. Mortgage Ins. Corp., 961 S.W.2d 273,
275 (Tex.App.--Houston [1st Dist.] 1997, no writ)(same). We decline to follow the
Houston courts of appeals in applying such a "bright line" test of finality where the
judgment contains both a "Mother Hubbard" clause, and language specifically
excluding parties and causes of action from the judgment. 

 Finality must be resolved by a determination of the intention of the court as
gathered from the language of the decree and the record as a whole, aided on occasion
by the conduct of the parties. Continental Airlines, Inc. v. Shupe, 920 S.W.2d 274
(Tex. 1996). In the circumstances described here, where the judgment on its face
reveals that specific parties and claims are not affected, the presumption of finality will
not apply. See Lowe v. Teator, 1 S.W.3d 819, 823 (Tex.App.--Dallas 1999, no pet.
h.). Thus, the February 2, 1999, judgment was not final, and therefore Nowroozi's
notice of appeal of the February 17, 1999, judgment was timely.

 Appellees alternatively contend that the February 17, 1999, judgment is
interlocutory in nature because it fails to address all parties and causes of action
pending in the trial court. Based on the record before this Court, the judgment
addressed all parties who were present in the trial court under plaintiff's live pleadings. 
The appellant's claims against SCS Management had been denied by motion for
summary judgment, and those claims severed into a separate cause. Moreover, the
appellant's live pleadings fail to include any claim against Pines of Woodedge
Community Association. 

 However, the record reflects that Pines of Woodedge Community Association,
Inc., Strozier, Walker, and Burslem each had claims for attorney's fees pending at the
time of the summary judgment that were not addressed by judgment in the trial court.
If a summary judgment order does not refer to or mention issues pending in a
counterclaim, then those issues remain unadjudicated. Chase Manhattan Bank, N.A.
v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990); Munawar v. Cadle Co., 2 S.W.3d 12, 15
(Tex.App.--Corpus Christi 1999, no pet. h.). A summary judgment order that does not
dispose of all issues and all parties is generally interlocutory and not appealable in the
absence of a severance. Bandera Elec. Coop., Inc. v. Gilchrist, 946 S.W.2d 336, 337
(Tex. 1997); Munawar, 2 S.W.3d at 15. 

 Appellees sought the recovery of attorney's fees pursuant to the Declaratory
Judgment Act, which allows for the recovery of costs and reasonable and necessary
attorney's fees. See Tex. Civ. Prac. & Rem. Code Ann. §37.009 (Vernon 1997). 
Appellant's claims had originally included a request for declaratory relief under this Act.
However, appellant's live pleading failed to include a request for declaratory relief.
Thus, appellees' claims for attorney's fees must fail as a matter of law. We conclude
that we have jurisdiction over this appeal, and will proceed to address its merits.

Standard of Review


 We review a "no evidence" summary judgment by ascertaining whether the
non-movant produced any evidence of probative force to raise a fact issue on the
material questions presented. See Roth v. FFP Operating Partners, 994 S.W.2d 190,
195 (Tex. App.--Amarillo 1999, pet. denied). We consider all the evidence in the light
most favorable to the party against whom the summary judgment was rendered and
disregard all contrary evidence and inferences. See Merrill Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex.1997), cert. denied, 523 U.S. 1119, 118 S.Ct.
1799, 140 L.Ed.2d 939 (1998). 

 A "no evidence" summary judgment is improperly granted if the non-movant
presents more than a scintilla of probative evidence to raise a genuine issue of material
fact. See Zapata v. The Children's Clinic, 997 S.W.2d 745, 747 (Tex.App.--Corpus
Christi 1999, no pet.); Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 432
(Tex.App.--Houston [14th Dist.] 1999, no pet.). More than a scintilla of evidence
exists when the evidence "rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions." Havner, 953 S.W.2d at 711 (citation
omitted). Summary judgment, however, must be granted under Rule 166a(i) if the
party opposing the motion fails to bring forth competent summary judgment proof. 
See Saenz v. Southern Union, 999 S.W.2d 490, 492 (Tex. App.--El Paso 1999, pet.
denied); Robinson, 998 S.W.2d at 412.

Analysis


 We now consider whether the trial court erred in granting appellees' motion for
summary judgment. Appellant argues generally that there were numerous issues of
material fact precluding summary judgment for appellees. As noted previously,
appellant's claims against the appellees included conspiracy, breach of fiduciary duty,
failure to perform as officers and directors, and failure to enforce restrictive covenants. 
 In their no-evidence motion for summary judgment, appellees Stiefel, Strozier,
Walker, and Burslem argue that there is no evidence to establish that they failed to act
in good faith, with ordinary care, or in a manner they reasonably believed to be in the
best interests of the homeowner's association. The filing of this motion shifted the
burden to Nowroozi to come forward with enough evidence to be entitled to a jury
trial. See Tex. R. Civ. P. 166a(i). In his response, Nowroozi contended specifically that
the appellees knew that Stiefel was operating a business from his residence in
contravention of the restrictive covenants applicable to the subdivision, yet refused to
enforce the restrictive covenants against Stiefel. Nowroozi did not raise any other
issues in support of his alleged causes of action. 

 In response to the summary judgment, Nowroozi submitted his own affidavit
and excerpts from the deposition of Nancy Walker. Nowroozi's summary judgment
evidence fails to present any evidence of probative force to raise a fact issue on the
material questions presented. 

 Nowroozi offers the excerpts from the deposition of Nancy Walker as evidence
that she had personal knowledge that Stiefel was operating a business at his residence
in contravention of the restrictive covenants of the homeowner's association. 
However, a review of the deposition excerpts shows that Walker was only aware that
Stiefel had a hobby of rebuilding cars and selling them, and that he in fact used those
cars for his personal transportation. Walker did not know whether Stiefel made any
money from this hobby. Walker's deposition testimony fails to establish that Stiefel's
hobby constituted a "business" in violation of any restrictive covenants, or that Walker
had any knowledge that Stiefel was operating a business within the subdivision. 

 Nowroozi also offered his own affidavit in response to appellees' motion for
summary judgment. In his affidavit, he asserts that he told Walker and Strozier that
Stiefel was operating a business from his residence, and requested that they make
Stiefel cease and desist. However, Nowroozi's affidavit fails to establish that these
individuals were officers and directors of the subdivision association, that the bylaws
prohibit the operation of a business, that Stiefel was operating a business from his
residence, or that the officers and directors had the duty or power to enforce
restrictive covenants. Moreover, Nowroozi's affidavit consists primarily of factual
conclusions. Conclusory statements that are not supported by facts are not proper as
summary judgment proof. See Purcell v. Bellinger, 940 S.W.2d 599, 602 (Tex. 1997).

 We affirm because Nowroozi did not present a scintilla of evidence in response
to the motion for summary judgment showing that the officers and directors
committed any actionable offense, nor did he point out evidence that raises a fact
issue as to his alleged causes of action.

 Finally, appellant cites no cases showing that he would have a justiciable cause
of action against the officers and directors of his community association even if his
allegations were taken as true. The summary judgment evidence before the trial court,
even taken in a light most favorable to the appellant, supports the granting of the
summary judgment because nothing in the record establishes that the officers and
directors had the duty or power to enforce the restrictive covenants.




 _________________________________

 ROBERT J. SEERDEN, Chief Justice

Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of May, 2000.