NASRALLAH V. ORDONEZ





COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-137-CV
 
  
CHRIS 
NASRALLAH D/B/A/                                                     APPELLANT
ALL 
RITE AUTO SALVAGE
  
V.
   
BALDEMAR 
ORDONEZ                                                              APPELLEE
 
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Chris Nasrallah d/b/a All Rite Auto Salvage appeals from a final judgment in 
favor of appellee Baldemar Ordonez.  In four issues, appellant argues that 
(1) the trial court erred by applying the Deceptive Trade Practices Act in a 
contract case, (2) there was no evidence or insufficient evidence that appellant 
breached the contract, (3) the trial court erred by awarding damages above the 
contractual limitation, and (4) the trial court erred by awarding appellee 
possession of the vehicle despite appellant’s statutory right to keep the 
vehicle until he was paid.  We affirm.
        On 
February 24, 2001, appellee bought a used transmission for his 1989 Ford Bronco 
from appellant for $514.18.  The invoice read that transmissions come with 
a ninety-day guarantee.  Appellee’s mechanic, Manuel Rios, examined the 
transmission and determined that it was defective.  Appellee returned the 
transmission to appellant who repaired the transmission and returned it to 
appellee.  Appellee then paid Rios $378.87 to install the transmission in 
appellee’s truck.  Even after the transmission was installed, however, 
appellee’s truck did not run properly.  According to appellee, appellant 
told him that appellee’s mechanic did not know what he was doing and that 
appellant would fix his truck for an additional $250.  Appellee agreed and 
left his truck with appellant.
        Appellee 
testified that he periodically checked on his truck over the next several months 
but that appellant told him each time that appellant was still trying to find a 
transmission.  Appellee eventually sent appellant a letter demanding the 
return of his truck. Initially, appellee testified that appellant told him that 
his truck was ready but that he would have to pay a total of $1200 to get the 
truck back.  However, appellee later testified that when he first called 
appellant, appellant told him that he would have to pay $800 in addition to the 
$250 to pick up the truck and that the amount increased to $1200 and then to 
$1800 after subsequent phone calls to appellant.  According to appellee, 
appellant told him that the extra charges were for the storage of appellee’s 
truck.
        Contrary 
to appellee’s version of the story, appellant argues that he did not tell 
appellee that he would fix appellee’s truck for $250, only that he would 
“check out” the transmission and replace it if necessary.  For support, 
appellant points to the invoice that he gave appellee, which read that appellant 
would check out the transmission and replace it along with the transmission 
fluid for $250.  Appellant testified that he took appellee’s truck to 
another mechanic, who determined that the problem with the truck was not the 
transmission but the transfer case.  Appellant testified that he told 
appellee that he would fix the transfer case for $800 in addition to the $250 to 
which they had previously agreed.  Further, appellant testified that 
appellee could have gotten his truck back if he had paid the $250.  Rios, 
however, testified that the problem with appellee’s truck was the 
transmission, not the transfer case.  He testified that he had driven 
appellee’s truck and that if the transfer case were broken, the truck would 
not have been operable.
        Appellee 
sued appellant in small claims court, asking for $1864 in damages and requesting 
that appellant be ordered to fix appellee’s truck. Appellant filed a 
counterclaim, asking for $1200 for “auto repairs.”[2]  
Appellant filed a motion requesting the suit to be dismissed without prejudice, 
which appellee did not contest.  The small claims court granted 
appellant’s motion.  Appellee then filed suit in County Court at Law 
Number Two, alleging various violations of the Deceptive Trade Practices Act (DTPA) 
and seeking $5329.55 in damages.  Appellant filed an amended answer and 
counterclaim seeking compensation for breach of contract, storage fees, 
attorney’s fees, and costs.
        After 
a bench trial, the trial court entered a judgment in favor of appellee and 
awarded appellee possession of his truck, $514.18 for the cost of the 
transmission, $378.87 for the money he paid Rios to have the transmission 
installed, $111.63 in prejudgment interest, $3500 for reasonable and necessary 
attorney’s fees, and postjudgment interest at a rate of five percent per annum 
from the day after the judgment was signed until paid in full.
        The 
trial court entered written findings of fact and conclusions of law, among which 
it found that (1) the used transmission that appellant sold to appellee was 
defective, (2) appellant agreed to repair appellee’s truck for $250, (3) 
appellant did not repair appellee’s truck, (4) appellant refused to give 
appellee’s truck back unless appellee paid $1200, (5) appellant filed a 
counterclaim against appellee in small claims court for auto repairs even though 
appellant never fixed appellee’s transfer case, (6) appellant breached an 
express warranty regarding the defective transmission, (7) appellant breached an 
implied warranty that its auto repair services would be provided in a good and 
workmanlike manner, and (8) appellant acted unconscionably by taking advantage 
of appellee’s lack of knowledge, ability, experience or capacity to a grossly 
unfair degree.
        In 
his first issue, appellant argues that the trial court erred by applying the 
DTPA in a contract case.  We disagree.  The DTPA gives consumers a 
cause of action for, among other things, false, misleading, or deceptive acts or 
practices; breaches of warranty; and unconscionable actions or courses of 
action.  Tex. Bus. & Com. Code 
Ann. § 17.50(a) (Vernon 2002); Jones v. Star Houston Inc., 45 
S.W.3d 350, 356 n.5 (Tex. App.—Houston [1st Dist] 2001, no pet.).  The 
Texas Supreme Court has held that a mere breach of contract, without more, does 
not constitute a false, misleading, or deceptive act in violation of the DTPA.  
See Ashford Dev., Inc. v. USLife Real Estate Servs. Corp., 661 
S.W.2d 933, 935 (Tex. 1983).  Also, that court has held that even when a 
defendant represents that he will perform under a contract but does not, a 
consumer may not bring a DTPA claim based on the misrepresentation.  See 
Crawford v. Ace Sign, Inc., 917 S.W.2d 12, 14-15 (Tex. 1996).
        Appellant 
contends that because he had no independent duty outside of the contract to work 
on appellee’s vehicle and because the damages awarded to appellee related only 
to the subject of the contract, appellee’s vehicle, appellee could not bring a 
DTPA action.  See S.W. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 
494-95 (Tex. 1991) (holding that customer could not bring tort action against 
telephone company for failure to publish advertisement when telephone 
company’s duty to publish advertisement arose solely from contract and damages 
were only from economic loss created by failure of telephone company to 
perform).  To recover under the DTPA, a consumer must allege conduct that 
amounts to more than mere nonperformance under a contract. See Munawar 
v. Cadle Co., 2 S.W.3d 12, 19 (Tex. App.—Corpus Christi 1999, pet. 
denied).  As appellee notes, however, a consumer is not prevented from 
bringing a DTPA action against a defendant merely because the defendant also 
breached a contract. See id.
        In 
the present case, appellant sold appellee a transmission and gave him a written 
ninety-day guarantee. The two parties later entered into a contract for auto 
repair services.  Appellee presented evidence that the transmission was 
defective and that appellant failed to replace or repair it.  Appellee also 
testified that appellant agreed to fix his truck for $250 but refused to give 
appellee his truck back unless he paid $1200. In his counterclaim before the 
small claims court, appellant asked for $1200 for repairs to appellee’s truck 
even though appellant later testified that he had not repaired appellee’s 
transfer case because he did not have appellee’s authorization.
        Further, 
the trial court did not find that appellant violated the DTPA by representing 
that he would perform under the contract and not doing so.  Rather, the 
trial court found that appellant violated the DTPA by (1) breaching an express 
warranty regarding the transmission, (2) breaching an implied warranty that its 
services would be provided in a good and workmanlike manner, and (3) acting 
unconscionably by taking advantage of appellee’s lack of knowledge, ability, 
experience or capacity to a grossly unfair degree.  Therefore, we hold that 
the trial court did not err by applying the DTPA to appellee’s case.  We 
overrule appellant’s first issue.
        In 
his second issue, appellant argues that there is no evidence or insufficient 
evidence that he breached the contract.  However, appellee asserted no 
breach of contract claim against appellant.  Therefore, there is no need 
for us to address insufficiency issues regarding a breach of contract claim. We 
overrule appellant’s second issue.
        In 
his third issue, appellant argues that the trial court erred by awarding damages 
above the contractual limitation.  Specifically, appellant contends that 
the trial court should not have awarded appellee damages in excess of the 
$514.18 appellee paid for the transmission.  Appellant points to the 
invoice for the purchase of the transmission, which reads, “The limits of 
liability of all items listed on this invoice shall be limited to & in no 
event shall exceed the purchase price shown on this invoice.”
        The 
DTPA allows a consumer to recover economic damages resulting from a violation of 
the statute.  Tex. Bus. & Com. 
Code Ann. § 17.50(b)(1).  Moreover, according to section 17.42, a 
consumer may waive the protections of the DTPA only under limited circumstances. 
Id. § 17.42(a).  While a limitation of liability clause is 
effective for a breach of express warranty claim, even when the breach of 
express warranty claim is brought through the DTPA, such a clause does not limit 
a defendant’s liability for other DTPA claims.  Helena Chem. Co. v. 
Wilkins, 47 S.W.3d 486, 505 (Tex. 2001).  Had appellee brought a DTPA 
claim based solely on the breach of the express warranty as stated in the 
purchase invoice, the limitation of liability clause would have limited 
appellee’s recovery.  However, the trial court found not only that 
appellant breached the express warranty provided in the invoice for the purchase 
of the transmission but also that appellant breached an implied warranty related 
to the repair services and that he acted unconscionably, neither of which were 
affected by the limitation clause.  Therefore, the trial court did not err 
by awarding appellee damages in excess of the transmission’s purchase price. 
We overrule appellant’s third issue.
        In 
his fourth issue, appellant argues that the trial court erred by awarding 
appellee possession of the truck.  Appellant argues that he had a statutory 
right to keep the truck because appellee never paid the $250 he had agreed to 
pay appellant.  Appellant cites to section 70.001 of the property code, 
which allows a worker to retain possession of a vehicle that he has repaired 
until the amount due under the contract for repairs is paid.  Tex. Prop. Code Ann. § 70.001(a) 
(Vernon Supp. 2004-05).  However, the trial court found that appellant 
agreed to repair appellee’s truck for $250 but did not repair appellee’s 
truck.  Because appellant did not perform under the contract, there was no 
amount due and appellant was not entitled to retain possession of appellee’s 
truck.  Therefore, the trial court did not err by awarding appellee 
possession of the truck.  We overrule appellant’s fourth issue.
        Having 
overruled all of appellant’s issues, we affirm the trial court’s judgment.
  
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
 
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant later testified that he asked for the $1200 in his counterclaim before 
the small claims court to protect himself in case the small claims court had 
ordered him to repair appellee’s truck.