NASRALLAH V. ORDONEZ

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-137-CV

CHRIS NASRALLAH D/B/A/ APPELLANT

ALL RITE AUTO SALVAGE

V.

BALDEMAR ORDONEZ APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Chris Nasrallah d/b/a All Rite Auto Salvage appeals from a final judgment in favor of appellee Baldemar Ordonez.  In four issues, appellant argues that (1) the trial court erred by applying the Deceptive Trade Practices Act in a contract case, (2) there was no evidence or insufficient evidence that appellant breached the contract, (3) the trial court erred by awarding damages above the contractual limitation, and (4) the trial court erred by awarding appellee possession of the vehicle despite appellant’s statutory right to keep the vehicle until he was paid.  We affirm.

On February 24, 2001, appellee bought a used transmission for his 1989 Ford Bronco from appellant for $514.18.  The invoice read that transmissions come with a ninety-day guarantee.  Appellee’s mechanic, Manuel Rios, examined the transmission and determined that it was defective.  Appellee returned the transmission to appellant who repaired the transmission and returned it to appellee.  Appellee then paid Rios $378.87 to install the transmission in appellee’s truck.  Even after the transmission was installed, however, appellee’s truck did not run properly.  According to appellee, appellant told him that appellee’s mechanic did not know what he was doing and that appellant would fix his truck for an additional $250.  Appellee agreed and left his truck with appellant.  

Appellee testified that he periodically checked on his truck over the next several months but that appellant told him each time that appellant was still trying to find a transmission.  Appellee eventually sent appellant a letter demanding the return of his truck.  Initially, appellee testified that appellant told him that his truck was ready but that he would have to pay a total of $1200 to get the truck back.  However, appellee later testified that when he first called appellant, appellant told him that he would have to pay $800 in addition to the $250 to pick up the truck and that the amount increased to $1200 and then to $1800 after subsequent phone calls to appellant.  According to appellee, appellant told him that the extra charges were for the storage of appellee’s truck. 

Contrary to appellee’s version of the story, appellant argues that he did  not tell appellee that he would fix appellee’s truck for $250, only that he would “check out” the transmission and replace it if necessary.  For support, appellant points to the invoice that he gave appellee, which read that appellant would check out the transmission and replace it along with the transmission fluid for $250.  Appellant testified that he took appellee’s truck to another mechanic, who determined that the problem with the truck was not the transmission but the transfer case.  Appellant testified that he told appellee that he would fix the transfer case for $800 in addition to the $250 to which they had previously agreed.  Further, appellant testified that appellee could have gotten his truck back if he had paid the $250.  Rios, however, testified that the problem with appellee’s truck was the transmission, not the transfer case.  He testified that he had driven appellee’s truck and that if the transfer case were broken, the truck would not have been operable.  

Appellee sued appellant in small claims court, asking for $1864 in damages and requesting that appellant be ordered to fix appellee’s truck.   Appellant filed a counterclaim, asking for $1200 for “auto repairs.”
(footnote: 2)  Appellant filed a motion requesting the suit to be dismissed without prejudice, which appellee did not contest.  The small claims court granted appellant’s motion.  Appellee then filed suit in County Court at Law Number Two, alleging various violations of the Deceptive Trade Practices Act (DTPA) and seeking $5329.55 in damages.  Appellant filed an amended answer and counterclaim seeking compensation for breach of contract, storage fees, attorney’s fees, and costs. 

After a bench trial, the trial court entered a judgment in favor of appellee and awarded appellee possession of his truck, $514.18 for the cost of the transmission, $378.87 for the money he paid Rios to have the transmission installed, $111.63 in prejudgment interest, $3500 for reasonable and necessary attorney’s fees, and postjudgment interest at a rate of five percent per annum from the day after the judgment was signed until paid in full. 

The trial court entered written findings of fact and conclusions of law, among which it found that (1) the used transmission that appellant sold to appellee was defective, (2) appellant agreed to repair appellee’s truck for $250, (3) appellant did not repair appellee’s truck, (4) appellant refused to give appellee’s truck back unless appellee paid $1200, (5) appellant filed a counterclaim against appellee in small claims court for auto repairs even though appellant never fixed appellee’s transfer case, (6) appellant breached an express warranty regarding the defective transmission, (7) appellant breached an implied warranty that its auto repair services would be provided in a good and workmanlike manner, and (8) appellant acted unconscionably by taking advantage of appellee’s lack of knowledge, ability, experience or capacity to a grossly unfair degree. 

In his first issue, appellant argues that the trial court erred by applying the DTPA in a contract case.  We disagree.  The DTPA gives consumers a cause of action for, among other things, false, misleading, or deceptive acts or practices; breaches of warranty; and unconscionable actions or courses of action.   
Tex. Bus. & Com. Code Ann.
 § 17.50(a) (Vernon 2002); 
Jones v. Star Houston Inc.
, 45 S.W.3d 350, 356 n.5 (Tex. App.སྭHouston [1st Dist] 2001, no pet.).  The Texas Supreme Court has held that a mere breach of contract, without more, does not constitute a false, misleading, or deceptive act in violation of the DTPA.  
See
 
Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.
, 661 S.W.2d 933, 935 (Tex. 1983).  Also, that court has held that even when a defendant represents that he will perform under a contract but does not, a consumer may not bring a DTPA claim based on the misrepresentation.  
See Crawford v. Ace Sign, Inc.
, 917 S.W.2d 12, 14-15 (Tex. 1996).     

Appellant contends that because he had no independent duty outside of the contract to work on appellee’s vehicle and because the damages awarded to appellee related only to the subject of the contract, appellee’s vehicle, appellee could not bring a DTPA action.  
See S.W. Bell Tel. Co. v. DeLanney
, 809 S.W.2d 493, 494-95 (Tex. 1991) (holding that customer could not bring tort action against telephone company for failure to publish advertisement when telephone company’s duty to publish advertisement arose solely from contract and damages were only from economic loss created by failure of telephone company to perform).  To recover under the DTPA, a consumer must allege conduct that amounts to more than mere nonperformance under a contract.  
See
 
Munawar v. Cadle Co.
, 2 S.W.3d 12, 19 (Tex. App.སྭCorpus Christi 1999, pet. denied).  As appellee notes, however, a consumer is not prevented from bringing a DTPA action against a defendant merely because the defendant also breached a contract.  
See id.
    

In the present case, appellant sold appellee a transmission and gave him a written ninety-day guarantee.  The two parties later entered into a contract for auto repair services.  Appellee presented evidence that the transmission was defective and that appellant failed to replace or repair it.  Appellee also testified that appellant agreed to fix his truck for $250 but refused to give appellee his truck back unless he paid $1200.  In his counterclaim before the small claims court, appellant asked for $1200 for repairs to appellee’s truck even though appellant later testified that he had not repaired appellee’s transfer case because he did not have appellee’s authorization.  

Further, the trial court did not find that appellant violated the DTPA by  representing that he would perform under the contract and not doing so.  Rather, the trial court found that appellant violated the DTPA by (1) breaching an express warranty regarding the transmission, (2) breaching an implied warranty that its services would be provided in a good and workmanlike manner, and (3) acting unconscionably by taking advantage of appellee’s lack of knowledge, ability, experience or capacity to a grossly unfair degree.  Therefore, we hold that the trial court did not err by applying the DTPA to appellee’s case.  We overrule appellant’s first issue. 

In his second issue, appellant argues that there is no evidence or insufficient evidence that he breached the contract.  However, appellee asserted no breach of contract claim against appellant.  Therefore, there is no need for us to address insufficiency issues regarding a breach of contract claim.  We overrule appellant’s second issue.  

In his third issue, appellant argues that the trial court erred by awarding damages above the contractual limitation.  Specifically, appellant contends that the trial court should not have awarded appellee damages in excess of the $514.18 appellee paid for the transmission.  Appellant points to the invoice for the purchase of the transmission, which reads, “The limits of liability of all items listed on this invoice shall be limited to & in no event shall exceed the purchase price shown on this invoice.” 

The DTPA allows a consumer to recover economic damages resulting from a violation of the statute.  
Tex. Bus. & Com. Code Ann.
 § 17.50(b)(1).  Moreover, according to section 17.42, a consumer may waive the protections of the DTPA only under limited circumstances.  
Id
. ྷ 17.42(a).  While a limitation of liability clause is effective for a breach of express warranty claim, even when the breach of express warranty claim is brought through the DTPA, such a clause does not limit a defendant’s liability for other DTPA claims.  
Helena Chem. Co. v. Wilkins
, 47 S.W.3d 486, 505 (Tex. 2001).  Had appellee brought a DTPA claim based solely on the breach of the express warranty as stated in the purchase invoice, the limitation of liability clause would have limited appellee’s recovery.  However, the trial court found not only that appellant breached the express warranty provided in the invoice for the purchase of the transmission but also that appellant breached an implied warranty related to the repair services and that he acted unconscionably, neither of which were affected by the limitation clause.  Therefore, the trial court did not err by awarding appellee damages in excess of the transmission’s purchase price.  We overrule appellant’s third issue.   

In his fourth issue, appellant argues that the trial court erred by awarding appellee possession of the truck.  Appellant argues that he had a statutory right to keep the truck because appellee never paid the $250 he had agreed to pay appellant.  Appellant cites to section 70.001 of the property code, which allows a worker to retain possession of a vehicle that he has repaired until the amount due under the contract for repairs is paid.  
Tex. Prop. Code Ann.
 § 70.001(a) (Vernon Supp. 2004-05).  However, the trial court found that appellant agreed to repair appellee’s truck for $250 but did not repair appellee’s truck.  Because appellant did not perform under the contract, there was no amount due and appellant was not entitled to retain possession of appellee’s truck.  Therefore, the trial court did not err by awarding appellee possession of the truck.  We overrule appellant’s fourth issue.  

Having overruled all of appellant’s issues, we affirm the trial court’s judgment.           

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED:  July 28, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellant later testified that he asked for the $1200 in his counterclaim before the small claims court to protect himself in case the small claims court  had ordered him to repair appellee’s truck.