PRESTIGE OYSTERS, INC., Plaintiff,

v.

UNISOURCE WORLDWIDE, INC., Defendant.

CIVIL ACTION NO. 3:14-CV-0274

United States District Court, S.D. Texas, Galveston Division.

Signed July 29, 2015

Andrew John Cvitanovic, Brandon J. Taylor, Cossich Sumich Parsiola & Taylor LLC, Belle Chase, LA, A. Craig Eiland,

Law Offices of A. Craig Eiland, P.C., Galveston, TX, for Plaintiff.

John A. Buckley, Jr., Greer Herz & Adams, League City, TX, for Defendant.

## MEMORANDUM AND ORDER

George C. Hanks Jr., United States District Judge

Pending before the Court is Defendant Unisource Worldwide, Inc.'s ("Worldwide") Motion to Dismiss Plaintiff Prestige Oysters, Inc.'s ("Prestige") Original Complaint. Dkt. 11. After considering the Motion, all responses, and the applicable law, the Court finds that Defendant's Motion (Dkt. 11) is hereby **GRANTED, in part, and DENIED, in part**. Accordingly, it is **ORDERED** that Plaintiff's breach of warranty claims are **DISMISSED** and that Plaintiff has until **August 21, 2015** to amend its complaint to add or otherwise indicate facts that support its breach of warranty claims.

## I. BACKGROUND

According to the allegations in Plaintiff's Original Complaint (Dkt. 1), Prestige purchased a F5ADA Shanklin oyster wrapping machine from Defendant Worldwide in April 2012. Prestige specifically required that the machine's feed chute automatically sort the oysters, and Worldwide promised that the machine could be modified to achieve these results. The machine was delivered in September 2012, but did not to perform as required and promised. Worldwide made several attempts to repair or replace the machine, but it was never able to achieve the required functionality. As a result, Prestige asked Worldwide to retake the machine and return the purchase price.

On August 25, 2014, Prestige filed its Original Complaint (Dkt. 1) alleging breach of warranty, breach of contract, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). In response, Defendant Worldwide filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's DTPA and breach of warranty claims (Dkt. 11) and Plaintiff has responded to this motion (Dkt. 15).

## II. RULE 12(b)(6) MOTION TO DISMISS

### A. Motion to Dismiss Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dept. of Hous. & Urban Dev.,* 554 F.3d 525, 528 (5th Cir.2008).

### B. Plaintiff has Sufficiently Stated a Claim for Relief for Violation of the DTPA

In its Motion to Dismiss, Defendant Worldwide argues that Prestige's

Complaint fails to state a claim under the DTPA upon which relief can be granted. Specifically, Worldwide asserts that Plaintiff has impermissibly pled a breach of contract claim as a DTPA action and that, as a result, Plaintiff's DTPA claim must fail as a matter of law. The Court disagrees.

 "An allegation of a mere breach of contract, *without more*, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex.1996) (emphasis added) (quoting *Ashford Dev., Inc. v. USLife Real Estate Services Corp.*, 661 S.W.2d 933, 935 (Tex.1983). The determination of whether a breach of contract rises to the level of a misrepresentation sufficient to trigger the DTPA is a fact-driven inquiry which, in this case, must be resolved through discovery. *See Munawar v. Cadle Co.*, 2 S.W.3d 12, 18 (Tex. App.— Corpus Christi 1999, pet. denied). The Court finds that Plaintiff has pled sufficient facts outside of a mere breach of contract claim to support a cause of action under the DTPA. Accordingly, Defendant's Motion to Dismiss Plaintiff's DTPA claims must fail.

### C. Plaintiff has not Sufficiently Stated a Claim for Relief for Breach of Warranty.

Defendant Worldwide also argues that Plaintiff's Complaint fails to clearly state "the substance of any warranty or any facts to support its breach of warranty claim." The Court agrees. Although specific facts are not necessary to show that Prestige is entitled to relief, the complaint must "put the defendant on notice as to what conduct supports the claims, [ ] to satisfy the requirement of notice pleading." *Anderson*, 554 F.3d at 528. Here, because the Court cannot "draw the reasonable inference" of which facts support the breach of warranty claims, Defendant's

Motion to Dismiss Plaintiff's breach of warranty claims must be granted.

### III. CONCLUSION

For the aforementioned reasons, the Court finds that Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED, in part, and DENIED, in part** and that Plaintiff's breach of warranty claims are **DISMISSED.** Plaintiff has until **August 21, 2015** to amend its complaint to add or otherwise indicate facts that support its breach of warranty claims.