**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00119-CV**
_____

**BOW GROVE, Appellant**

**V.**

**MARION GINE FRANKE AND BRENDA KAY LYNCH, Appellees**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No.15-05-05374-CV**

## MEMORANDUM OPINION

The underlying litigation arose from the sale of a log home in Montgomery County, Texas. Bow Grove purchased the property from Henric Ekehed,[1] and Marion Gine Franke and Brenda Kay Lynch acted as Henric's real estate agents (the Agents).[2] Dissatisfied with the condition of the home after purchase, Grove initially

---

[1] We refer to the seller by his first name.
[2] Brenda Kay Lynch is also referred to as Brenda King in the record. Lynch acted as Henric's agent, and Franke owned the real estate agency.

1

sued Henric. In his third amended petition, Grove added Henric's wife and the Agents as defendants. Grove's sole cause of action against the Agents is statutory fraud in a real estate transaction.[3] Grove appeals the trial court's order granting summary judgment in favor of the Agents, as well as the trial court's order awarding the Agents their attorney's fees. In two issues, Grove contends: (1) the trial court erred in granting the Agents' summary judgment on his statutory fraud claim because the contract language did not operate as an "as-is" clause; and (2) the trial court erred in awarding attorney's fees to the Agents when the contractual clause merged with the deed.[4] We affirm the trial court's judgment.

## I. Background

In January 2013, Henric listed his 1930's log home and acreage for sale. Henric completed a Texas Association of Realtors Seller's Disclosure Notice dated January 10, 2013. The Seller's Disclosure Notice did not note any issues with wood rot or wood destroying insects (WDI). In February 2014, Henric entered into a contract with potential buyers. During that process, the potential buyers had the

---

[3] Grove asserted additional causes of action against the Ekeheds, including common law fraud, breach of contract, a Texas Deceptive Trade Practices Act claim, and negligent misrepresentation.

[4] The trial court granted summary judgment in favor of Henric's wife but denied summary judgment in favor of Henric. Grove ultimately settled his claims against Henric, and the Ekeheds are not parties to this appeal.

property inspected. According to Grove, that inspection uncovered extensive wood rot and damage from WDI. Grove alleged that Henric offered the potential buyers a $50,000.00 price reduction because of the wood rot and WDI damage, and the Agents were "fully informed and aware of the extensive wood rot damage and WDI damage discovered[.]" Ultimately, the potential buyers terminated the contract. Following this unsuccessful sale of the property, Henric hired a contractor to replace a number of logs on the home totaling 196 linear feet. The quote from the contractor noted that additional logs would need to be replaced "in due time." Henric, though, did not amend his Seller's Disclosure Notice after these events.

On May 9, 2014, Grove and Henric executed a TREC earnest money contract for the purchase of the property with a sales price of $461,000.00. Grove purchased a $100.00 option allowing him to terminate the contract within a set time period. Grove hired his own inspector to inspect the log cabin and prepare a report. The inspector admittedly had never examined a log home prior to this property and was unaware that to properly inspect a log home, he needed to tap each individual log with a hammer to check for wood rot. The inspector identified several other significant problems with the property, including electrical issues, potential roofing issues, and issues with the foundation. The inspector noted in his report that the exterior walls included logs with some areas of wood shingles, and the wood

3

shingles had reached the end of their useful life. He also noted areas of rotten wood fascia under the window near one of the air conditioning units. The inspector did not specifically identify any rotten logs during his inspection. The inspector testified in his deposition that he did not recall reviewing the Seller's Disclosure Notice before inspecting the property and that he typically does not rely on those disclosures as they are commonly inaccurate. Grove had a separate termite inspection performed on the property and the inspector did not identify any active WDI.

Based on the inspection report, Grove and his real estate agent sought monetary concessions from Henric against the purchase price. Henric agreed to reduce the purchase price by $13,000.00. The standard Texas Real Estate Commission (TREC) contract form the parties signed contained two options under "Acceptance of Property Condition." The options were "(1) Buyer accepts the Property in its present condition[, or] (2) Buyer accepts the Property in its present condition provided Seller, at Seller's expense, shall complete the following specific repairs and treatments[.]" The parties chose the first option and closed on the property on May 23, 2014. The Agents included the sales contract as summary judgment evidence.

After occupying the property, Grove experienced multiple problems, many of which his inspector identified and listed in the report prior to purchase. Grove denied

4

performing any repairs on the property after taking possession. Grove testified that he could not recall if he reviewed the Seller's Disclosure Notice prior to purchasing the property, yet he also testified that he relied on it when he decided to purchase the property because no major issues were identified in the disclosure to draw his attention to the notice.

On appeal, Grove only complains of the wood rot and WDI damage to the home.[5] He sued Henric for common law fraud, breach of contract, statutory fraud in a real estate transaction, Texas DTPA violations, and negligent misrepresentation. The only claim he asserted against the Agents was for statutory fraud in a real estate transaction. The Agents' first amended answer asserted a counter-claim for attorney's fees based on a provision in the TREC earnest money contract.

After conducting discovery, the Agents moved for traditional and no-evidence summary judgment. The Agents asserted that there was no evidence of the following elements in a statutory fraud in a real estate transaction cause of action, specifically: (1) that during the transaction the Agents made a false representation of fact, made a false promise, or benefitted by not disclosing that a third party's representation was false; (2) that the false representation was made for the purpose of inducing Grove

_____

[5] In his live pleading, he complains of other things, which included items expressly mentioned as deficient in his inspector's report; however, he does not raise them on appeal.

to enter into the contract; (3) that Grove relied on the false representation by entering into the contract; and (4) that the reliance caused Grove's injury. In their traditional motion for summary judgment, the Agents argued that the "as-is" provision in the contract coupled with the plaintiff's own inspections of the property negated the reliance element of the cause of action. Grove responded to the Agents' no-evidence motion arguing evidence existed on every element of the cause of action. He further argued in response to the Agents' traditional motion for summary judgment that any "as-is" language in the contract merged into the deed at closing and that fraudulent inducement precluded enforcement of the "as-is" provision; therefore, the "as-is" language failed to negate the element of reliance. The trial court granted the Agents' motion without specifying the grounds. The Agents then moved for an award of attorney's fees, which the trial court granted in a final judgment. Grove timely appealed.

## II. Issue One: Summary Judgment

### A. Standard of Review

We review a trial court's decision to grant summary judgment *de novo*. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every

6

reasonable inference and resolve any doubts against the motion. *See City of Keller*, 168 S.W.3d at 824. "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citation omitted).

When a no-evidence motion has been filed, it "is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) (citations omitted).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citation omitted).

A party moving for traditional summary judgment has the burden of establishing there is no genuine issue of material fact as to at least one requisite element of the asserted cause of action and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citations omitted). When the trial court fails

to specify the grounds on which it granted summary judgment, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000) (citation omitted); *Palma v. Chribran Co.,* 327 S.W.3d 866, 869 (Tex. App.—Beaumont 2010, no pet.) (citations omitted).

**B. Analysis**

In his first issue, Grove contends that the contract language in this case did not operate as an "as-is" clause. On appeal, Grove points to the facts and circumstances test in *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.* and Henric's alleged fraudulent inducement as vitiating the "as-is" clause. *See* 896 S.W.2d 156, 162 (Tex. 1995).

Grove asserted a single claim against the Agents for statutory fraud in a real estate transaction. *See* Tex. Bus. & Com. Code Ann. § 27.01 (West 2015).

> The elements of statutory fraud in a real estate transaction are a: "(1) false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract; or (2) false promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract."

*Flynn v. Keller Williams Inc.*, No. 04-12-00307-CV, 2013 WL 979196, at *2 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.) (quoting Tex. Bus. & Com.

Code Ann. § 27.01(a)).[6] Reliance is a requisite element for a claim of statutory fraud in a real estate transaction. Tex. Bus. & Com. Code Ann. § 27.01(a)(1)(B); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 182 (Tex. 1997); *Van Duren v. Chife*, 569 S.W.3d 176, 185 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Buyers who contract to purchase something "as-is" agree to make their own appraisal of the bargain and to accept the risk that they may be wrong. *Prudential*, 896 S.W.2d at 161; *Van Duren*, 569 S.W.3d at 185. An enforceable as-is clause negates the element of reliance on claims relating to the sale. *Prudential*, 896 S.W.2d at 161; *Williams v. Dardenne*, 345 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). "Contract language stating that the buyer accepts the property in its present condition constitutes an 'as[-]is' clause." *LBM Invs., Inc. v. Caribe Props., Inc.*, No. 09-13-00060-CV, 2013 WL 5658555, at *2 (Tex. App.—Beaumont Oct. 17, 2013, pet. denied) (mem. op.) (citations omitted); *see also Van Duren*, 569 S.W.3d at 185 (noting that numerous courts have held present condition clauses

---

[6] Although not mentioned in the motion for summary judgment or response as a required element of statutory fraud in a real estate transaction, "when a plaintiff seeks to hold a real estate broker or agent liable for the misrepresentations of another, the plaintiff must prove the broker or agent (1) knew of the falsity of the misrepresentation or concealment; and (2) failed to disclose the party's knowledge of the falsity of the misrepresentation or concealment." *Flynn v. Keller Williams Inc.*, No. 04-12-00307-CV, 2013 WL 979196, at *2 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.) (citing Tex. Occ. Code Ann. § 1101.805(e), (f) (West Supp. 2018)).

9

operate as as-is clauses) (citing *Luftak v. Gainsborough*, No. 01-15-01068-CV, 2017 WL 2180716, at *3 (Tex. App.—Houston [1st Dist.] May 18, 2017, no pet.) (mem. op.)).

Under *Prudential*, when determining the enforceability of an as-is clause, we examine the nature of the transaction and totality of the circumstances, including "(1) whether the as-is clause is an important part of the basis of the bargain, not an incidental or boilerplate provision, (2) the parties are sophisticated, of relatively equal bargaining position, (3) the contract was freely negotiated, and (4) the contract was an arm's length transaction." *LBM*, 2013 WL 5658555, at *2 (citing *Prudential*, 896 S.W.2d at 162). Despite Grove's contention otherwise, the provision contained in this standard TREC contract was not boilerplate. The contract provided two options from which the parties could choose, and Grove agreed to accept the property in its present condition. Grove's other contract clause option was to accept the property subject to the seller's completion of certain repairs. *See Van Duren*, 569 S.W.3d at 186–87. "A mandatory form contractual provision that requires the parties in any given transaction to choose from two or more options is by definition negotiable and not boilerplate." *Id.* at 187 (citations omitted). The record revealed both parties had experience in purchasing real estate, and real estate agents represented both parties. Grove does not dispute the parties' level of sophistication

10

or the relatively equal bargaining position. *See LBM*, 2013 WL 5658555, at *3. There is no evidence in the record to contradict that the parties freely negotiated the contract at arm's length. *See id.* Rather, the record reveals Grove negotiated a price reduction of $13,000.00 through his agent. We conclude the language contained in this TREC contract that Grove agreed to accept the property "in its present condition" operated as an as-is clause. *See Van Duren*, 569 S.W.3d at 190; *LBM*, 2013 WL 5658555, at *3.

The *Prudential* Court outlined two exceptions to the enforcement of an "as-is" clause. *See Prudential*, 896 S.W.2d at 162. First, the court explained that a buyer would not be bound to an "as-is" provision in a contract if he was fraudulently induced. *See id.* Second, the Court noted that a buyer would not be bound by an "as-is" agreement if the seller impairs his ability to inspect the property. *See id.* Grove asserts on appeal that he was fraudulently induced to enter into the contract, precluding the application of the "as-is" clause. Grove relies on Henric's Seller's Disclosure Notice and a statement he made in an email regarding the replacement of logs. Having conclusively established the contract contained a valid "as-is" clause, the burden shifted to Grove to raise a genuine issue of material fact as to the clause's enforceability. *See LBM*, 2013 WL 5658555, at *4 ("'In the context of a summary judgment proceeding, fraudulent inducement is in the nature of a counter-defense

11

responding to the defense raised by the seller.'") (quoting *Fryar v. Mees*, No. 10-06-00135-CV, 2007 WL 1218221, at *2 (Tex. App.—Waco Apr. 25, 2007, no pet.) (mem. op.)). To show fraudulent inducement by the Agents, however, Grove must show that they made a false material representation, that they knew it was false when made, intended to induce reliance, and did induce reliance. *See Van Duren*, 569 S.W.3d at 188 (citing *Williams*, 345 S.W.3d at 125).

The law imposes a duty on sellers of real property, not their agents, to complete the Seller's Disclosure Notice. *Id.* (citing Tex. Prop. Code Ann. § 5.008(a), (d) (West Supp. 2018)). The form promulgated by the Texas Association of Realtors clearly states the representations in the disclosure are exclusively those of the seller. *See Sherman v. Elkowitz*, 130 S.W.3d 316, 320–21 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Van Duren*, 569 S.W.3d at 188. A broker generally cannot be held liable for omissions or misrepresentations in the form, because they did not make them. *See Sherman*, 130 S.W.3d at 320–21. There is an exception if the Agents had reason to believe the seller's disclosures are false or inaccurate. *Id.* at 321; *Van Duren*, 569 S.W.3d at 188.

Grove argues that the Agents "judicially admitted that their client fraudulently concealed the state of the log structure of the cabin." Grove points to the statement that the Agents "were aware the previous potential buyers advised that they

12

cancelled the sales contract because of the condition of the logs on the outside of the home." However, the quoted statement, without more, is not sufficient to impute actual knowledge to the Agents that the condition involved wood rot or WDI nor is it sufficient to create a reasonable inference that the Agents had reason to believe the Seller's Disclosure Notice was false. There is no evidence the prior potential buyers provided the Agents with their inspection reports. Additionally, there is no evidence in the record that the Agents ever read or reviewed the Seller's Disclosure Notice.

Grove also points to Henric's email stating that he had the foundation checked when he replaced some logs as being indicative of the Agents' awareness of problems with the logs. The email only evidences that Henric replaced some logs. There is no evidence that the Agents knew other logs required repair or replacement at the time Henric sent the email. "Knowledge of past repairs does not establish knowledge of a present defect[.]" *Van Duren*, 569 S.W.3d at 188 (explaining the fact that the agent being copied on email correspondence does not support a reasonable inference that the agent knew of undisclosed defects) (citing *Birnbaum v. Atwell*, No. 01-14-00556-CV, 2015 WL 4967057, at *7 (Tex. App—Houston [1st Dist.] August 20, 2015, pet. denied) (mem. op.); *Sherman*, 130 S.W.3d at 322)).

There is no evidence that the Agents hindered Grove from obtaining an independent inspection of the property. When a buyer has agreed to an as-is clause,

13

he "assumes the responsibility of assessing the property's value and condition as well as the resulting risk that the property is worth less than the price paid." *Williams*, 345 S.W.3d at 124 (citing *Prudential*, 896 S.W.2d at 161). The buyer's evaluation "constitutes a new and independent basis for the purchase, one that disavows any reliance on representations made by the seller." *Id*. (citations omitted). The record reveals Grove hired his own inspector, but his inspector had no prior experience inspecting log homes, and he did not perform the inspection accurately. Grove asserts the defects in the logs were not readily observable, but the record does not support this. Rather, the inspector's deposition testimony reveals that he did not know to bring a hammer to tap the logs and check for rot, but he would do so in the future. Grove's reliance on this independent inspection is borne out by his subsequent negotiation of a price reduction based on the inspection report and other defects, such as the foundation and electrical issues. Grove agreed to accept the property "as-is" and hired his own inspector to check for defects. His reliance on an individual inexperienced in log home inspections cannot be held against the Agents when the record does not support a reasonable inference that they knew of existing defects or hindered the inspection process.

14

The present condition clause negates the reliance element of Grove's claim against the Agents as a matter of law. Because Grove failed to raise a genuine issue of material fact as to any exception precluding the clause's enforceability, we conclude the trial court properly granted the Agents' traditional motion for summary judgment on his claim of statutory fraud in a real estate transaction. *See Van Duren*, 569 S.W.3d at 190; *LBM*, 2013 WL 5658555, at *4. We overrule Grove's first issue.[7, 8]

---

[7] Grove also argues that the as-is clause in the contract is unenforceable, because it merged into the deed at closing. However, several cases cited above allow for enforcement of this identical provision from a TREC contract after closing. *See Van Duren v. Chife*, 569 S.W.3d 176, 190 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *LBM Invs., Inc. v. Caribe Props., Inc.*, No. 09-13-00060-CV, 2013 WL 5658555, at *2 (Tex. App.—Beaumont Oct. 17, 2013, pet. denied) (mem. op.) (citations omitted). Further, Grove cannot sue for statutory fraud in a real estate transaction based on the Seller's Disclosure Notice required by this very contract then attempt to eliminate the Agents' defenses based on the contract by arguing it merged into the deed. *See Munawar v. Cadle Co.*, 2 S.W.3d 12, 17 (Tex. App.—Corpus Christi 1999, pet. denied) (noting doctrine of merger does not apply to claims of fraud).

[8] Having determined the trial court properly granted the Agents' traditional motion for summary judgment, it is unnecessary for us to address Grove's assertion the trial court improperly granted their no-evidence motion. *See* Tex. R. App. P. 47.1.

## III. Issue Two: Attorney's Fees

### A. Standard of Review

We generally review an award for attorney's fees under an abuse of discretion standard. *See EMC Mortg. v. Davis*, 167 S.W.3d 406, 418 (Tex. App.—Austin 2005, pet. denied) (citation omitted). A trial court that acts without reference to any guiding principles, arbitrarily or unreasonably abuses its discretion. *Id.* (citation omitted).

### B. Analysis

In their first amended answer, the Agents counterclaimed for attorney's fees based on a provision in the earnest money contract. Specifically, paragraph 17 of the earnest money contract provides "ATTORNEY'S FEES: A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding." After the trial court granted their motion for summary judgment, the Agents moved for an award of attorney's fees. In support of their motion, the Agents included the earnest money contract and an affidavit of counsel attesting to the amount of attorney's fees, among other things. The trial court awarded the Agents their attorney's fees.

Grove argues that the doctrine of merger prohibits an award of attorney's fees.[9] He contends the clause in the earnest money contract allowing a prevailing party to recover attorney's fees and costs merged into the deed at closing, so the Agents cannot recover fees and costs.[10] The merger doctrine provides that once a deed has been executed and accepted as performance on an earnest money contract for a real estate conveyance, the rights and duties created by the earnest money contract merge into the deed when the seller delivers and the buyer accepts the deed. *See Commercial Bank, Unincorporated, of Mason, Tex. v. Satterwhite*, 413 S.W.2d 905, 909 (Tex. 1967). "'Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties.'" *Alvarado v. Bolton*, 749 S.W.2d 47, 48 (Tex. 1988) (quoting *Baker v. Baker*, 207 S.W.2d 244, 249 (Tex. Civ. App.—San Antonio 1947, writ ref'd n.r.e.)).

The doctrine of merger does not bar claims of fraud, accident, or mistake in transactions leading up to the deed. *Munawar v. Cadle Co.*, 2 S.W.3d 12, 17 (Tex. App.—Corpus Christi 1999, pet. denied); *see also Head v. Finley*, 2-03-296-CV, 2004 WL 1699895, at *7 (Tex. App.—Fort Worth July 29, 2004, pet. denied) (mem. op.). "To adopt the position that written real estate contracts are never actionable

---

[9] Grove conceded the fees were reasonable during the hearing and only contested the Agents' entitlement to recover fees.

[10] There is no copy of the deed in the record.

upon delivery of a deed, would foreclose every cause of action for deceptive trade practices or fraud in the sale of real estate, unless the misrepresentation appeared in the deed itself." *Munawar*, 2 S.W.3d at 17 (citation omitted). When the earnest money contract contains contractual obligations apart from the mere conveyance of property, the merger doctrine does not apply. *Harris v. Rowe*, 593 S.W.2d 303, 306–07 (Tex. 1979) (citation omitted).

Grove relied on the Seller's Disclosure Notice required under the earnest money contract when he sued, despite the doctrine of merger and cannot now attempt to use that doctrine to preclude his payment of attorney's fees. *See Head*, 2004 WL 1699895, at *7. "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's [attorney's] fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (citation omitted). Here, the contract provided that a non-prevailing party in a legal proceeding relating to the contract is obligated to pay fees. As the non-prevailing party, Grove is obligated to pay the fees as ordered by the trial court. *See id.*; *see also Lawson v. Keene*, 03-13-00498-CV, 2016 WL 767772, at *6 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.) (concluding the identical TREC provision allows for an award of attorney's fees when a party sued for fraud,

18

negligent misrepresentation, and breach of fiduciary duty). We overrule Grove's second issue.

## IV. Conclusion

The present condition language in the contract operated as an as-is clause negating the element of reliance. Grove failed to submit any evidence to create a genuine issue of material fact regarding the enforceability of the clause. Accordingly, the trial court properly granted the Agents' motion for summary judgment. The doctrine of merger does not preclude enforcement of the as-is clause or an award of attorney's fees to a prevailing party based on a provision in the earnest money contract after a deed is executed and delivered. We overrule Grove's issues on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 6, 2019
Opinion Delivered October 17, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.

19